SUMMARY ORDER

Doudou Niane, allegedly a native and citizen of Mauritania, seeks review of a September 24, 2008 order of the BIA affirming the August 1, 2006 decision of Immigration Judge (“IJ”) William Van Wyke, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Doudou, Niane, No. A097 162 544 (B.I.A. Sep. 24, 2008), aff'g No. A097 162 544 (Immig. Ct. N.Y. City Aug. 1, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mulcasey, 529 F.3d 99, 110 (2d Cir.2008). We review the BIA’s denial of a motion to remand for abuse of discretion. See Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 156-57 (2d Cir.2005); Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).
A. Motion to Remand
With his appeal to the BIA, Niane submitted additional evidence, which the BIA construed as a motion to remand. A motion to remand must meet the same substantive requirements as a motion to reopen. See Li Yong Cao, 421 F.3d at 156-57. The BIA found that Niane failed to demonstrate that the additional evidence was previously unavailable. 8 C.F.R. § 1003.2(c)(1); see Li Yong Cao, 421 F.3d at 157-58. As Niane does not challenge that finding, he waives any such argument. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, we will not disturb the BIA’s denial of his motion to remand.
B. Appeal
Substantial evidence supports the agency’s adverse credibility determination. Ni-ane filed an application for asylum without the aid of an attorney in 2003. He submitted a new application, through counsel, during his merits hearing in 2004. While Niane stated in his first application that when he was arrested he was taken to the police station, mistreated, and subsequently detained for one month during which *106 time he was tortured, he omitted this information from his second application. Contrary to Niane’s assertion that the second application merely supplemented the first, Niane’s attorney explicitly requested that the IJ consider only the second asylum application. Further, although Niane argues that the omissions from his second application were minor, he omitted from his second application any assertion that he was physically mistreated, arrested, and detained. These were plainly substantial omissions. See Secaida-Rosales v. INS, 331 F.3d 297, 307-09 (2d Cir.2003). When confronted with them, Niane explained that “maybe [he] forgot to say it” to the lawyer who prepared his second application. Niane continued to explain that “no one asked [him]” if he was arrested and that he did not review his asylum application with an interpreter; however, when asked to explain his earlier testimony that he understood everything in his asylum application, Niane stated that everything in his application was true and that he reported everything to his attorney. The IJ reasonably found these explanations unsatisfactory. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
The IJ also relied, in part, on inconsistencies between Niane’s testimony and his applications. In Niane’s first asylum application, he stated that he was “detained for one month with his brother.” However, Niane testified that he was detained alone. When confronted with the discrepancy, Niane explained that the officers wanted to take his brother along with him to prison but that “they realized that he might have some problems in the prison if he were to be taken there with [him].” Further, while Niane testified that he was taken to Senegal when he was 17, in his second asylum application, he indicated that he was 15. When the discrepancy was pointed out, Niane explained that “maybe [his lawyer] made a mistake.” Again, these explanations were not so compelling that the agency erred in rejecting them. See Majidi, 430 F.3d at 80-81. Moreover, even if some of these inconsistencies were less than dramatic, together they served to undermine Niane’s credibility. See Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir.2006); see also Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-07 (2d Cir.2006).
Ultimately, the agency’s adverse credibility determination was supported by substantial evidence. See Tu Lin, 446 F.3d at 400. Because Niane based his claims for asylum, withholding of removal, and CAT relief on the same factual predicate, each of those claims necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).